JACOB BUCHER *et al.*

*v.*

GEORGE F. BUCHER.

1. ADMINISTRATOR —*when considered discharged.* When the final report of an administrator is approved by the county court, and the estate declared settled and the administrator discharged unless cause to the contrary be shown within thirty days, and no cause is shown within the time named, the estate will be considered as settled and the administrator discharged on the day the order is made.

378       BUCHER *et al. v.* BUCHER.       [Sept. T.

Opinion of the Court.

2. WILL — *as to fund for payment of debts.* A devise by a husband to his wife of his farm and all his personal estate not otherwise disposed of, to be owned and enjoyed by her during her natural life, after she has disposed of a sufficient amount to pay debts and funeral expenses, and the appointment of the wife as executor, imposes no obligation on the executor to use the rents and profits of the land for the payment of debts, but the same belong to her as devisee, subject to the duty imposed by law to sell land for payment of debts after the personal estate is exhausted.

3. AGENT — *of executor not responsible to the heirs for rightful administration of estate.* A party who, as the agent of an executor, takes charge and management of all the property and settlement of the estate, is not chargeable by the heirs or devisees with the responsibility of a rightful administration of the estate; that rests upon the executor, and for any misappropriation or squandering of the assets of the estate the proper recourse is against the executor and the sureties on his bond.

4. AGENT OF EXECUTOR — *as a purchaser.* After an executor has made a final settlement and been discharged by the county court, one who has during the course of the administration of the estate acted as his agent, and had the control and management of the estate, no longer occupies such a fiduciary relation to the estate as to prevent his buying for his own account a note and mortgage executed by the testator in his life-time, and enforcing the payment thereof by foreclosure, the same as any other person might do.

WRIT OF ERROR to the Circuit Court of Jo Daviess County.

Mr. LOUIS SHISSLER, for the plaintiffs in error.

Messrs. D. & T. J. SHEEAN, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill filed in the circuit court of Jo Daviess county by George F. Bucher, the defendant in error, to foreclose a certain mortgage executed by John J. Bucher, deceased, in his life-time, and by Anna Bucher his wife. John J. Bucher having died, his widow, Anna Bucher, and his heirs at law were made defendants in the bill. The mortgage was executed on May 8, 1856, and was given to secure the payment of a note for $2,500 to the Racine and Mississippi Railroad Company, due in five years, with ten per cent per annum interest — the mortgage being on 168 acres of land in Jo Daviess county. At the same time

there was executed back an agreement in writing by the railroad company not to demand the interest, and, in case of negotiation of the note and mortgage, to indemnify against the interest.    One Osgood, of Connecticut, purchased the note and mortgage from the railroad company in 1857. John J. Bucher died January 21, 1867.    On April 20, 1869, George F. Bucher, a son of John J. Bucher, and one of his heirs or devisees, entered into a contract with Osgood for the purchase of this note and mortgage.    The terms of the purchase were $231 cash, $736.66 in one year, $680 in two years, and $623.33 in three years.

Anna Bucher, the widow of John J. Bucher, was appointed executrix of his will.    She appears to have been quite advanced in years, illiterate, and ignorant in business, and her son George F. Bucher, then twenty years of age, as her agent took the entire custody and control of the property of the estate and management of the business of settling up the estate.

The foreclosure of the mortgage was resisted on the ground that George F. Bucher at the time he acquired the note and mortgage was the fiduciary agent of the estate; that, instead of attending to the interest of the estate, he converted the money and assets of the same to his own use, and that he purchased the note and mortgage with the assets of the estate, and as against him, in equity, the note and mortgage should be held as satisfied and paid.    The objection of George F. Bucher being a fiduciary agent of the estate at the time of his purchase does not appear to be founded in fact, as we find that he purchased the note and mortgage after the estate had been settled, and the executrix discharged.

The final report of the executrix was made to the county court on February 19, 1869, stating that all the debts due from the estate had been paid, and showing a balance in her hands of $555.55, which she retained under the will.    This note secured by mortgage does not seem to have been recognized as a debt of the estate.    On March 25, 1869,

the county court, on consideration of the report, ordered and decreed that the estate be declared settled; and it was further ordered that said report be confirmed and approved unless cause to the contrary was shown within thirty days; and it was further ordered that at the expiration of said thirty days, unless such cause was shown, the said Anna Bucher should be discharged and relieved as such executrix. The purchase of the note and mortgage was on April 20, 1869. It is contended that under the terms of the order *nisi* the executrix was not discharged at that time.

The order of March 25 declared absolutely that the estate was settled; there is no pretense that any cause was shown to the contrary within the thirty days or at any other time; and as bearing upon this case, we think the estate should be considered and taken as settled on March 25, and that the executrix was then discharged. This being so, George F. Bucher did not on April 20, 1869, hold any fiduciary position toward the estate, and he was then as free to acquire for himself the note and mortgage as any other person.

The counsel for plaintiffs in error makes up a large amount as assets of the estate received by George F. Bucher, which was never inventoried or accounted for to the estate, exceeding the sum paid for the note and mortgage, and claims the purchase to have been made from such assets. The chief part of such amount is derived from rents and profits of the real estate, and the justice of this claim must depend upon whether such rents and profits belonged to the widow as devisee, under her husband's will, or were properly to be regarded as assets of the estate, to be accounted for as such.

The will contained the following:

" *First.* It is my will that my funeral expenses and all my just debts be fully paid.

" *Second.* After the payment of such funeral expenses and debts, I give, devise, and bequeath unto my beloved wife, Anna Bucher, the farm on which Judson Sweting now resides,

situate in the county of Jo Daviess and State of Illinois, and known and described as follows : [giving description] and containing one hundred and sixty acres more or less, during her natural life, also all the live stock, horses, cattle, sheep, hogs, also all farming implements, such as wagons, plows, harrows, sleds, etc., also all the household furniture, and all other articles of personal property, not herein enumerated or otherwise disposed, also all moneys and credits due me ; to be owned and enjoyed by her during her natural life, after having disposed of a sufficient amount to pay and discharge the expenses and debts aforesaid.  And that at her death all the property aforesaid to her bequeathed, or so much thereof as may remain unexpended, to be equally divided among my children, to wit: Jacob Bucher, Anna Frederick, Elizabeth Deeds, John Bucher, Mary Thompson, Barbara Dales, Andrew Bucher, and George Bucher, and their heirs and assigns forever.  And lastly, I hereby constitute and appoint my said wife, Anna Bucher, executrix of this my last will and testament,'' etc.

The general rule is, that the executor or administrator has no concern with the real estate ; that he is not entitled to receive the rents and profits, but they belong to the heirs or devisees ; and that the only power of the executor or administrator with respect to the realty is, as given by the statute, to petition the court for leave to sell it for the payment of the debts of the estate, and to make sale of it for such purpose upon license given.  We conceive that the general rule in this respect was not varied here by the will.

It is true, the testator expresses a desire that his debts should be first paid ; that after the payment of the debts the property should go to the devisee.  But this is no more than the law itself declares.  It makes the land of a decedent subject to, and liable for, the payment of his debts when necessary.  The expression of the will, we consider, adds nothing to the law in this regard ; and that the power and duties of the executrix, as executrix, in respect to the application of the real estate or the rents and profits of it to

the payment of debts, were no greater, and none other, than they would have been under the law, without the will. We conclude, then, that the rents and profits of the real estate belonged to the widow as devisee, and that it was not her duty, as executrix, to apply them to the payment of the debts of the estate.

There was an item of some $300 received from the sale of wood cut upon the farm. The wood appears to have been cut for the improvement of the place for cultivation in order to enhance the rent; and an equal sum at least would seem to have been expended in adding to the improvements on the place. We do not think that item should be taken into account here.

Without canvassing items, we may say that from other articles of property which were not inventoried, and not accounted for to the estate, the testimony shows that George F. Bucher must have realized some $500 and over. We can hardly see upon what principle a defense should be regarded as sustained even in respect of this amount. We do not regard it, under the proofs, as traceable as a trust fund into the note and mortgage. It would not seem to be applicable by way of set-off.

If the testimony of Anna Bucher and George F. Bucher is to be credited, it would appear to have been for the most part, if not in whole, paid over by the latter to the former. A final settlement was had in July, 1873, between George F. Bucher and Anna Bucher, in the presence and with the assistance of an attorney, of all matters between them and in respect of the agency of the former in the transaction of the business of the estate since the death of John J. Bucher, and as and for the balance then found to be due to Anna Bucher, George F. gave to her his note for $1,000, on which afterward, the same day, an indorsement of some $97 was made. This settlement is assailed in the argument, as being but a sham settlement, made in anticipation of this bill expected to be filed — which was filed in September, 1873 — for the purpose of such suit. The settlement does appear

to have been somewhat loose, and without attention to strict accuracy; still, it was satisfactory as between the parties; and we can not say that the impeachment of it, as not made in good faith, is sustained by the evidence.

The final report of the executrix showed a balance in her hands, which she retained under the will, of $555.55; but $150 of this was for one year's rent of the farm, with which, as we find, she should not be charged; it also included the Lester notes of $273, which were desperate, so inventoried, and never collected; deducting both which would leave really in her hands, according to her report, $132.55.

It is claimed that George F. Bucher should be charged here with all the responsibilities of an executor. We think this too strict a rule to apply to him. He was not in fact executor, nor an executor *de son tort*, but only the agent of, and acting for and in behalf of, a rightful executrix, and the duty of rightful administration should not be cast upon him; that rested upon his principal, the executrix herself. For any misappropriation or squandering of the assets of the estate the more proper recourse is to her and her sureties on her official bond.

The circuit court decreed the foreclosure, finding there to be due to the complainant upon the note and mortgage $2,395 principal and interest, the decree being entered March 14, 1876. This was less than the principal of the note, and less than the sum paid for the note and mortgage with interest computed from the dates of payment, and even less than such sum and interest after the deduction of the complainant's proportionate share of one-eighth, as one of the eight children of John J. Bucher. The basis upon which such amount was found due by the decree does not appear. The decree gave to the defendants as much, and more, than they would have been entitled to had the purchase of the note and mortgage been made at a time when the complainant was acting in a fiduciary capacity toward the estate. They could not in such case have claimed more

than to have the benefit of the securities on the terms upon which they were purchased.

Upon consideration of the whole case, we perceive no sufficient ground for disturbing the decree, and it will be affirmed.

*Decree affirmed.*