S. ELLSNER & COMPANY

V.

CHARLES C. RADCLIFF ET AL.

*Levy on Goods Claimed to be Held on Consignment—Rights of Owner—Sales—Instructions.*

1. Where the owner consigns goods to a factor to sell and account to him for them, and the factor exhibits himself to the world as the owner without the knowledge or consent of the owner, the creditors of the factor can not seize the goods for his debt, even in the absence of actual notice.

2. Where it is a matter of dispute whether the transaction in question was a sale or a consignment, the party claiming to be the owner has a right to have his claim passed upon by the jury under proper instructions.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Macon County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. OUTTEN & VAIL, for appellants.

Messrs. BUCKINGHAM & WALKER and BUNN & PARK, for appellees.

CONGER, J. Appellants placed in the hands of Steinhardt & Co., at Decatur, Illinois, a quantity of cloaks, to sell at retail and account to them for their value. While in the possession of Steinhardt & Co., under this arrangement, the cloaks were levied upon by appellees as the property of Steinhardt & Co., for their debts. Whether the transaction between appellants and Steinhardt & Co. was a sale by which the title to the property passed to the latter or whether Steinhardt & Co. were factors or agents of appellants, is a disputed question upon which we shall express no opinion for the reason that appellants had the right to urge their theory of the transaction upon the jury and have the law applicable thereto correctly given to them. This we do not think was done by the court in giving the following instruction at the request of appellees :

"10th. The court instructs the jury, in behalf of the defendants, that if they believe from the evidence that the plaintiffs caused the goods in controversy to be delivered to Steinhardt & Co. for sale, that Steinhardt & Co. so used and managed the goods and so conducted his business and so advertised that he exhibited himself to these defendants and others that he appeared to be the owner of said goods to these defendants and the public generally, any creditor taking said goods in good faith, under proper legal process, would have the right to seize said goods and sell the same to make a *bona fide* debt, and if they believe such facts appear from the evidence, they should find the defendants not guilty, provided the defendants did not have any notice that the goods in controversy were the property of the plaintiff."

Under this instruction appellants consigned these goods to Steinhardt & Co. as factors, to sell and account to appellants for them, and such factors exhibited themselves to the world as owners without the knowledge or consent of appellants;

creditors of the factors. unless they have actual notice of the real ownership, could seize the goods for the debt of the factors; this is not the law.

"A power to sell, such as is possessed by a factor or broker appointed for the purpose, can only be executed by way of sale, and does not justify a disposition of the property in any other manner. A factor, therefore, has no authority to pledge the goods of his principal as a security for a debt due from himself, even though the creditor has no notice of his character as factor. So if the factor attempts to make such pledge and delivers the goods to the pledgee, the owner may recover them in an action of replevin." Gray v. Agnew, 95 Ill. 315.

The factor must be exhibited to the world as owner, with the assent of the owner, and by that means obtain credit to make the principal or his goods liable for the debt of the factor. Kent's Com., Vol. 2, p. 625.

The general rule of law is, that no one can, by his sale, transfer to another the right of ownership in a thing wherein he himself had not the right of property, except in instances of cash, bank bills, checks, notes, etc., and no one can acquire a title to chattels from a person who has himself no title to them. The exceptions to this general rule will be found to be cases where the true owner has transferred the property under the form of a regular sale and delivery, and clothed the vendee with the *indicia* of ownership, though under such circumstances as would authorize a rescission of the sale and a recovery of the goods as against the vendee.

If the vendor consents to the transfer of the title, though such consent be temporary only, and obtained by fraud, still an honest purchaser from him will be protected, and the first owner must bear the loss. But this principle does not apply when the original owner has never consented to the transfer of the property, nor voluntarily delivered possession of it under the form of a sale, or clothed the supposed vendee with the *indicia* of ownership although he may have for various purposes delivered his property to another and permitted him to remain in possession thereof. Jennings v. Gage, 13 Ill. 610; Fawcett v. Osborn, 32 Ill. 411; 1 Smith's Leading Cases, 602–892; Peters v. Smith, 21 Ill. 417.

While possession of personal property is one *indicium* of ownership, and is *prima facie* evidence of title in the person in possession, yet when explained so as to be consistent with ownership in another it will not defeat the title of the true owner.

A creditor has no greater rights than a *bona fide* purchaser under such circumstances, and therefore the foregoing views are applicable to the case at bar. The instruction given clearly prevented appellants from having their theory of the case properly presented to the jury.

For the error in giving this instruction and refusing the 4th, asked for by appellants, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*