## Cyrus L. Berry v. W. D. Allen & Co.

1. SALES—*Upon Condition—Title—When it Does Not Pass.*—Where a person ships goods to another to be sold, and an account kept of sales to be reported monthly, upon receipt of which a bill for the same was to be rendered, payable on the 15th day of the following month, it was held that by such an arrangement the person shipping the goods did not

part with his title to the goods when shipped, and was not estopped from asserting his ownership to such as were unsold, as against judgment creditors of the person making the sales.

2. PERSONAL PROPERTY RIGHTS—*Owner's Consent.*—It is a cardinal principle of the law of personal property, that no man can be divested of it without his consent.

3. FACTORS—*Can Not Pledge Their Principal's Goods.*—A factor of goods can not pledge them as against his principal, even though the pledgee has no notice of his relation to them and finds them in his possession.

4. SAME—*Execution Creditors Levy upon the Principal's Goods.*—An execution creditor of a person acting in the capacity of a factor so far as the principal's goods are concerned, stands in no better light than a pledgee, and can by levy obtain no better title than his judgment debtor has.

5. EVIDENCE—*Secondary Proofs—Letter Press Copies.*—Letter press copies of correspondence, where the originals are in the possession of the adverse party who refuses to produce them, may be properly received in evidence.

**Replevin.**—Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

ISAAC J. LEVINSON, attorney for appellant.

BAILEY & SEDGWICK, attorneys for appellee.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action of replevin brought by appellee, a corporation, engaged in Chicago in the manufacture of rubber and belting goods, to recover a quantity of merchandise which appellant, as sheriff of Peoria county, had levied upon by virtue of an execution for $1,500 in favor of one Joseph W. Maple, and against Mitler.

Prior to the commencement of the suit Mitler had been a merchant at Peoria, and as such had handled a great deal of appellee's goods. Some he had bought outright and others he had taken upon consignment. The suit was brought to recover those goods which appellee claimed he held by consignment. Upon a trial by the court, a jury being waived, there was a judgment rendered in favor of appellee for the possession of the goods and costs.

The contract under which the goods in controversy were shipped to Mitler was arranged entirely by correspondence. We gather from the various letters which passed between the parties that it was intended and understood by them that the goods were to be regarded as distinct from other goods shipped (which were really sold to Mitler), and were to be treated as consigned goods with title to remain in appellee until sold by Mitler. The latter received them under instructions to keep account of sales and report monthly. He was to report on the first of each month all sales of goods made the month before, upon the receipt of which a bill for the goods sold would be rendered payable on the 15th day of the following month. By such an arrangement appellee did not part with its title to the goods when shipped, and was not estopped from asserting its ownership to such as were unsold, as against judgment creditors of Mitler.

Counsel for appellant admits that the correspondence shows that the goods were shipped as consigned goods, but contends that in the subsequent action of the parties they were treated as goods sold to Mitler. There is no evidence tending to show that appellee so treated them. The representations of Mitler made without the knowledge or consent of appellee could not prejudice its rights. Proof of such representations by Mitler were properly rejected by the Circuit Court. It is a cardinal principle of the law of personal property that no man can be divested of it without his consent. Fawcett v. Osborn, 32 Ill. 412; Burton v. Curyea, 40 Ill. 322; Klein v. Seibold, 89 Ill. 540.

In this case Mitler was but the factor of appellee so far as these particular goods were concerned. He could not pledge them as against appellee even though the pledgee had no notice of his relation to them and found them in his possession. Gray v. Agnew, 95 Ill. 320.

An execution creditor could stand in no better light than a pledgee and could by levy obtain no better title than his judgment debtor had.

It was the duty of the court to discover the intention of the parties, and if it found there was no fraud intended against creditors, to so construe the contract as to effectuate

that intention.   A careful examination of the record satisfies us that the Circuit Court did so in this case.

The court properly received in evidence the letter press copies of appellee's letters to Mitler.   The originals were in the possession of Mitler.   When his deposition was taken at Milwaukee for the purpose of obtaining them he swore they were in Peoria, but when placed upon the witness stand at the trial in Peoria a short time afterward he swore they were in Milwaukee.   In view of the conduct of Mitler and the testimony of the witness, Allen, that they were true copies, we think the court's action should be sustained.

The propositions of law in view of the proofs were properly refused.

The judgment is right and should be affirmed.