## Mary A. Richardson v. John V. Richardson, Impleaded, etc., Executor, etc.

1. WILLS—*Testamentary Intentions—When They Take Effect.*—Testamentary intentions take effect at the death of the testator, and the law as it then exists becomes as much a part of the will as if written into it.

2. SAME—*Fraudulent Dispositions of Property.*—A fraudulent disposition of property in a will can have no effect whatever, as no creditor can be prejudicially affected by the terms of a will. A creditor's rights are fixed and determined by law, and not controlled by the will of his debtor.

3. ADMINISTRATION OF ESTATES—*Rights of Creditors.*—A creditor's right to be paid out of the assets of his debtor's estate does not depend upon testamentary provisions, but is secured by law both in testate and intestate estates.

4. SAME—*How Administrators and Executors Take.*—Administrators and executors, so far as creditors are concerned, take the property of the deceased person in the same condition as it was left at the time of his or her decease, whether such condition is the result of the operation of law, or the act of the deceased party himself.

5. EXECUTORS AND ADMINISTRATORS—*Personal Representatives of Deceased.*—An executor or administrator is the representative of the intestate or testator, and succeeds to his rights and interests. He is not the agent or trustee of creditors and as to the latter it can make no difference whether there be a will or not, for in either case creditors are entitled to prove their claims and participate in the distribution of the assets as the law directs.

6. PARTIES—*Fraudulent Conveyances by Deceased Persons—Rights of Creditors.*—If fraudulent conveyances, or other fraudulent disposition of property by the deceased person should intervene to affect his rights prejudicially, the creditor alone, and not the representative, can invoke the remedy.

7. REAL ESTATE—*Of Deceased Persons—Power of Administrator and Executor.*—The executor or administrator has no concern with the real estate; he is not entitled to receive the rents and profits, as they belong to the heirs or devisees; the only power of the executor or administrator with respect to the realty is to petition the court for leave to sell it for the payment of the debts of the deceased, and to make sale of it for such purpose upon license given, and the general rule in this respect is not varied by will.

8. PERSONAL ESTATE—*Administrator the Sole Representative.*—The administrator is the sole representative of the personal estate, but not of the real property. The latter descends to and vests in the heirs, over which the administrator has no control or concern, except a mere power to apply for an order to sell the same, when necessary for the payment of debts.

9. ADMINISTRATOR—*Takes no Realty, etc.*—An administrator takes neither an estate, title or interest in the realty of the deceased. He can not support a possessory or real action, in law or equity, for the recovery or maintenance of possession or title, or to clear a title from clouds or adverse claims; if necessary to sell for the payment of debts, he must take the estate as he finds it.

**Bill for Relief.**—Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

WILLIAM A. CRAWLEY and CYRUS EPLER, attorneys for appellant.

MORRISON, WORTHINGTON & REEVE, attorneys for appellees.

MR. PRESIDING JUDGE WRIGHT delivered the opinion of the court.

On January 16, 1896, Vincent S. Richardson made and

executed his last will and testament, and having afterward died, it was, June 20, 1896, duly admitted to probate in Morgan county, and appellees, who were nominated in the will, were duly appointed executors thereof, and thereafter they entered upon the discharge of their duties as such executors. Among other provisions in the will, it contained the following:

" I give and bequeath to my beloved wife, Mary Ann Richardson, the use and undisputed possession of all my homestead, farm and dwelling, and all improvements, household goods and all appurtenances thereto belonging; and all income from my real estate, rents or other income shall be paid to my beloved wife, Mary A. Richardson, to be hers to have and to hold and to use as she pleases. Said homestead is situated in Section 33, T. 15, R. 11, in the county of Morgan and State of Illinois, and it is my wish and desire that my executors, hereafter named, shall collect all rents or income from the above mentioned real estate, and all the rest of my real estate, be it situated in Morgan county or Scott county, Illinois, and pay the same to my beloved wife as long as she shall live."

And further:

" I desire that my executors, hereafter mentioned, shall look after all my real estate, pay all taxes and keep the same in reasonable and good tenantable repair, and shall rent the same to the best possible advantage, and all benefits or rents shall be paid to my wife when collected, discounting, however, costs of taxes and repairs."

Appellees collected rents of lands of the testator under the provisions of the will, and failing to pay the same to appellant she filed her bill in equity against them to enforce her rights thereto. The bill was answered by Richardson, appellee Ranson having defaulted, and the cause was referred to the master, who found there was due, to appellant for rents collected, $2,253.41, the same having accrued after death of the testator. The court, however, sustained appellees' exceptions to the report and dismissed the bill for want of equity, from which decree appellant has taken this appeal, and urges such action of the court as error, whereby she seeks a reversal of such decree.

In addition to the facts above stated, it also appeared on the hearing that a claim of $5,036.70 of the seventh class, had been allowed in favor of Charles E. Goodrich against the estate of the testator, and subsequently to his death, appellant had, under foreclosure proceedings instituted by her, August 20, 1898, purchased the premises, from which the rents in question issued, for $32,767.80, and held a certificate of purchase therefor. It also appears from the allegations of the bill that the mortgage so foreclosed was given to appellant by her husband in 1894, to secure her separate property then in hands of her husband.

Appellees, by their answer, set up the claim of Goodrich, and that the fund derived from the rents of the premises was required to pay the same, and this seems to have been the view of the chancellor who heard the cause.

Counsel for appellees concede there is no room to dispute the facts, but insist in support of the decree that it is not in the power of the testator to give away his property, and leave his debts unprovided for; the testator must be honest first, then generous if he may. And continuing, in their brief and argument, they say, "It is not denied that the cases cited and many others which might be found, are to the effect that an executor or administrator has nothing to do with real estate, and that rents belong to the heirs and not to the personal representative;" and then deny that such is the question here, contending that because the testator directed the executors to collect the rents and pay them to appellant, and such being received by them, whether as executors or trustees, were rightfully in their hands, and therefore payable to the creditors of the deceased.

Counsel by their contention seem to imply there is a fraudulent conveyance, or some fraudulent disposition of property included in the provisions of the will, that in a manner affects the creditors of the estate. We do not think such question involved, neither is it implied in any of the provisions of the will. Testamentary intentions take effect only at the death of the testator, and the law as it exists

becomes as much a part of such provisions as if written into them, and no one would contend that a fraudulent disposition of property contained in a will would have any effect whatever. No creditor can be prejudicially affected by the terms of a will. His rights are fixed and determined by the law, and not in any manner controlled by the will of his debtor. A creditor's right to be paid out of the assets of his debtor's estate does not depend upon testamentary provisions, but is secured by the law, and is the same and none other, both in testate and intestate estates. The law is so familiar in this State as to require no citation of authorities, that the administrator or executor, so far as creditors are concerned, takes the property of the deceased person precisely as it was left at the time of decease, whether such condition is the result of the operation of the law, or the act of the party himself. He is the representative of the intestate or testator, and succeeds to his rights and interests, and is not the agent or trustee of creditors, and as to the latter it can make no difference whether there be a will or not, for in either case he is entitled to prove his claim and participate in the distribution of the assets as the law directs. If fraudulent conveyances, or other fraudulent disposition of property by the deceased person should intervene to affect his rights prejudicially, the creditor alone and not the representative can invoke the remedy.

In a case like this, so far as the real estate is affected, and the power and authority of appellee controlled, it is immaterial whether there was a will or not, the only difference being that in case of an intestate, the land would descend to the heir under the statute, and in the case as here, by the will it passed to the devisee. In neither case do the rents and issues of the real estate accruing after death, go to the administrator or executor for the benefit of creditors in the absence of a specific provision in the will, and here there is none to that effect. The rents of the land were not in existence at the time the testator died, and could not have belonged to him; but when such rents were brought to existence the land had devolved and belonged to another, and likewise the

rent also.   The appellee possessed no right to the rents, except as the will conferred the power to collect for the use of the beneficiary, affecting no legal right of the creditor, and at no time did they form any part of the lawful assets of the estate for distribution to creditors.   This view is supported by Bucher v. Bucher, 86 Ill. 377, in which it was stated that the general rule is, that the executor or administrator has no concern with the real estate; he is not entitled to receive the rents and profits, but they belong to the heirs or devisees; the only power of the executor or administrator with respect to the realty is, as given by the statute, to petition the court for leave to sell it for the payment of the debts of the estate, and to make sale of it for such purpose upon license given and the general rule in this respect is not varied by will.   The mere expression of a desire that debts be first paid, after which the property should go to the devisee, is no more than the law itself declares, and adds nothing to the law in this regard; and the powers and duties of the executor in respect to the application of the real estate, or the rents and profits of it to the payment of the debts, were no greater and none other than they would have been under the law without the will, and therefore the rents and profits belonged to the widow and devisee, and were not subject to be applied to the payment of the debts of the estate.

The administrator is the sole representative of the personal estate, but not of the real property.   The latter descends to and vests in the heirs, over which the administrator has no control or concern, except a mere power to apply for an order to sell the same, when necessary for the payment of debts.   It has been repeatedly decided that an administrator takes neither an estate, title nor interest in the realty, and that he can not support any possessory or real action, in law or equity, for the recovery or maintenance of possession or title, or to clear up title from clouds from adverse claims; that, if necessary to sell for the payment of debts, he must take the estate as he finds it.   Ryan v. Duncan, 88 Ill. 144, and cases cited.

Our conclusion, therefore, is that in the decree of the Circuit Court there is manifest error, and it will be reversed and the cause remanded for proceedings not inconsistent with the views herein expressed.   Reversed and remanded.