## Mary A. Richardson v. Geo. B. Ranson et al., Trustees, etc.

1.  PARTIES—*Who May Question the Fraudulent Disposition of Property.*—Where there has been a fraudulent disposition of his lands by a testator in his will, creditors alone can invoke the remedy to subject such lands, and the income from the same, to the payment of their claims. Executors are not trustees or agents for the creditors of the estates represented by them.

2.  WILLS—*When a Testamentary Disposition of Property is Void as to Creditors.*—A testamentary disposition of real estate, or the rents of the same, is null and void as to the creditors of the testator.

3.  COURTS OF EQUITY—*Will Retain Jurisdiction Until Complete Justice is Done.*—When a court of chancery obtains jurisdiction of a subject-matter, and of all the parties interested therein, it will retain the same until complete justice is done, even though it settles some questions cognizable in a court of law.

4.  ADMINISTRATION OF ESTATES—*When an Executor May Re-imburse Himself for Over-payments.*—Where, in the administration of an estate, an executor has by some inadvertence, overpaid a claim, a court of equity may, under the circumstances of this case, rightfully direct him to re-imburse himself out of rents in his hands.

**Bill for Relief.**—Appeal from the Circuit Court of Morgan County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed December 10, 1901.

WILLIAM A. CRAWLEY and C. EPLER, attorneys for appellant.

WORTHINGTON & REEVE, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

Appellant, as devisee under her deceased husband's will,

was given for life the use and income of all the real prop-
erty of which he died seized.   Appellees, Ranson and Rich-
ardson, as executors, were by the terms of the will given
control of the real estate and directed to pay the rents to
her after deducting for taxes and repairs.   They collected
rents but failed to pay them over to her; wherefore she
filed a bill in equity in the Circuit Court of Morgan County,
to compel them to account to her for the rents.   They
answered that one Charles E. Goodrick held an unsatisfied
judgment against the estate of her deceased husband; that
there were no personal assets of the estate with which to
satisfy it, and that the fund derived from the rents was
required to pay it.   The Circuit Court took that view of the
case and dismissed appellant's bill.   On appeal, this court
reversed the decree of the Circuit Court, holding that the
executors were not trustees or agents for the creditors of
their testate, and that if any fraudulent disposition of his
lands were made by him in the will, creditors alone could
invoke the remedy to subject the lands and the income from
them to the payment of their claims.   Richardson v. Rich-
ardson, 87 Ill. App. 354.

When the case was re-docketed, Goodrick obtained leave
and filed his intervening petition in which he set up that
he was a creditor of the testator; that his claim had been
allowed in the Probate Court; that the personal estate was
insufficient to pay his claim; that as to it the will was void,
and that the funds in the hands of the executors as rents
from the real estate, should be applied to the payment of
his claim.   The cause was referred to the master in chan-
cery to state an account as to the rents received by the ex-
ecutors, and as to receipts and disbursements of the personal
estate of the testator.   The master made a complete and
lengthy report, which the court, after overruling appellant's
objections to it, approved, and rendered a decree finding
that the executors had in their hands a balance of personal
assets amounting to $1,539.93, and rents amounting to
$1,775.48; that the allegations in Goodrick's intervening
petition were true; that there was then due him $2,844.54;

that after exhausting the personal estate there would be due him $1,307.61, and that the devise to appellant was null and void as to Goodrick's claim. The decree directed the executors to pay over the balance of the personal assets in their hands, $1,539.93, to Goodrick, and the balance of his claim, $1,307.61, out of the rent money. The executors had overpaid appellant on her award as widow, $277.80, and the decree directed that they re-imburse themselves for that amount out of the rents.

The chief grievance urged by appellant is that it appropriates from the rents devised to her by the will an amount to satisfy the balance of Goodrick's debt.

It appears from the pleadings and evidence in the record that Vincent S. Richardson was a member of a banking firm, which closed its doors on August 25, 1893, largely indebted; that after the failure of the bank and after depositors had brought suit, Richardson executed to appellant, his wife, a mortgage for $20,000, conveying all his real estate; that he subsequently made his will disposing of all his real estate; that he devised to appellant the income of the real estate for her life, and disposed of the fee to others, but made no sufficient provision for the payment of his debts. It is clear to our minds that it was the intention of the deceased to so dispose of and incumber his real estate that it could not be reached by his creditors. The provision of the will in question reads as follows:

" I give and bequeath to my beloved wife, Mary Ann Richardson, the use and undisputed possession of all my homestead, farm and dwelling, and all improvements, household goods and all appurtenances thereto belonging; and all income from my real estate, rents or other income, shall be paid to my beloved wife, Mary A. Richardson, to be hers to have and to hold and to use as she pleases. Said homestead is situated in section 33, T. 15, R. 11, in the county of Morgan and State of Illinois, and it is my wish and desire that my executors, hereinafter named, shall collect all rents or income from the above mentioned real estate, and all the rest of my real estate, be it situated in Morgan county or Scott county, Illinois, and pay the same to my beloved wife as long as she shall live."

Section 10, chapter 59 of the Revised Statutes, entitled, "Frauds and Perjuries," provides that any testamentary disposition of real estate or the rents out of the same, shall be null and void as to creditors. In this case, the testator devised the rents of his real estate to appellant without making provisions for the payment of Goodrick's claim, which has since been duly probated and remains unsatisfied by reason of insufficiency of personal assets to pay it. Applying the provision of section 10 to appellant's case, she can not rightfully receive the rents until the judgment of Goodrick is paid.

Appellant contends that if it be held that the devise is void as to creditors under section 10, that Goodrick is given a remedy by section 12 of the same chapter. The insistence is, as the last mentioned section gives a creditor a right of action at law against a devisee who has taken lands or rents, when the personal assets of the testator are not sufficient to satisfy the debt, the court below, sitting as a court of chancery, had no jurisdiction to decree the payment of Goodrick's claim out of the rents. In the same connection it is contended that the court has invaded the jurisdiction of the Probate Court of Morgan County in rendering the decree. To the contention of appellant on jurisdictional lines, it is sufficient to say that the chancellor was given jurisdiction in the first instance by the appellant's bill, seeking from the executors an accounting for rents; that Goodrick, as we have seen, had a lawful claim upon the rents, and that if paid over to appellant, he could maintain a suit against her to the extent of $1,307.61. The chancellor had before him the fund, the two adverse parties claiming it, and the executors who held it, awaiting the court's direction. It was entirely competent, therefore, for the court to decree such disposition of the fund as would end the litigation. It is a firmly settled and familiar rule that where a court of chancery has jurisdiction of a given subject-matter and of all the parties interested therein, it will retain the case until complete justice has been done, even though it settles questions cognizable in a court of law.

Having probated his claim, and finding that because of the insufficiency of personal assets of the estate he must look to the rent fund to obtain satisfaction of his judgment, undoubtedly Goodrick had the right to intervene. Counsel seem to misunderstand the former opinion of this court. What was then said was with reference to the right of executors to withhold the rent money and apply it on a creditor's unsatisfied judgment. A careful reading of the opinion will show that we held merely that as between appellant, a devisee, and the executors, the executors could not set up the statute of frauds; that if a fraudulent disposition of the rents had been made, a creditor only could assert it and invoke the remedy to subject the rents to the payment of his debts. In that opinion it is nowhere said or intimated that Goodrick could not intervene.

It is contended that the court erred in approving and adopting the master's report of accounting because it charged the executors less than should have been done, both on account of the personal estate of the deceased and on account of the rents derived from the real estate. It would render this opinion too lengthy to discuss in detail the various items of the report and the evidence heard by the master. We are content to say that the accounting made by the master is fair and is supported by the evidence. The court rightfully directed the executors to re-imburse themselves out of the rent for the $277.80 overpaid to appellant on her widow's award. We see no just ground for reversing or modifying the decree and same will be affirmed.