## A. H. Corzine v. T. W. Brents, Sheriff.

1. JUDGMENT—*effect of "executrices" after plaintiffs' names.* The word "executrices" after the names of the plaintiffs in a judgment adds nothing thereto, and is merely *descriptio personae.*

2. JUDGMENT CREDITOR—*when lien of, inferior to that of third party.* The true owner of property in possession of a factor has a right superior to that of an execution creditor of such factor where such creditor has parted with nothing upon the strength of the possession of such property by such factor.

Action of replevin. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed February 1, 1906.

J. C. and W. B. McBRIDE, for appellant; F. L. TAYLOR, of counsel.

JAMES M. TAYLOR and JOHN E. HOGAN, for appellee; M. J. FITZGERALD, of counsel.

MR. JUSTICE RAMSAY delivered the opinon of the court.

A. H. Corzine, appellant, brought suit in replevin against T. W. Brents, sheriff, appellee, to recover possession of some cattle and hogs which appellee, as sheriff, had levied

upon by virtue of an execution upon a judgment in favor of Amanda and Alta Hight, executrices, etc., against William and Ida Owens.

There was a verdict and judgment in favor of the sheriff, and Corzine appeals.

One of the replications filed by appellant alleged that the said Amanda and Alta Hight had made a final settlement of the estate represented by them as executrices and had reported that the whole estate had been disposed of, and that the County Court had determined that said estate had been fully settled and the executrices discharged, and that in consequence thereof the execution was invalid. To this replication a demurrer was sustained.

The judgment in the case was in the name of Amanda and Alta Hight, and while they were there described as executrices, that is a description of the person merely, and adds nothing to the force and effect of the judgment. The authorities cited by the appellant in support of this replication do not sustain his contention. The case of Bucher v. Bucher, 86 Ill. 377, declares what is sufficient to make a final statement of an estate, so that one who had acted in a fiduciary relation to an estate could be held to be freed from that relation; while the case of Brown v. Parker, 15 Ill. 307, is merely to the effect that the death of either party to a judgment before execution issues makes it necessary to revive the judgment by *scire facias* or issue execution in the mode prescribed by statute. There was no error in sustaining the demurrer to such replication.

Amanda and Alta Hight obtained judgment against William and Ida Owens on December 17, 1901. The property involved was levied upon on December 22, 1903.

Appellant and said William Owens both testified to having made an arrangement in 1900, by the terms of which Corzine was to furnish Owens with the money with which to buy stock at Assumption, Illinois; the stock to be bought for Corzine and shipped in his name, and he to have five dollars per car for his services, etc., Owens to have all other profits growing out of the business; all proceeds of

shipments to be returned to appellant. While this arrangement was in force Owens, in December, 1903, bought the stock involved and had it put in the stock-yards at Assumption for shipment, where it was levied upon by the sheriff.

The main, and seemingly the only, question in the case is whether William Owens was the agent of Corzine in this transaction, or whether Owens was in fact the principal and Corzine his creditor, at the time the levy was made. This being the issue clearly made, it seems to us that the court was in error in the giving of several of its instructions.

In appellee's instruction No. 4 the law was stated in effect as being that if Owens had possession of and dealt with the property as his own, and held himself out to the public as the owner with Corzine's permission, then as to third parties the property would in law be subject to levy upon the indebtedness of Owens, without regard to whether or not credit was given upon the strength of such possession. The rule announced would undoubtedly be the law, if such third parties had dealt with Owens upon the assumption of his ownership, and had upon the faith of his ownership parted with something of value; but in order that such third persons may be protected, it is necessary that the factor be exhibited to the world as owner with the assent of the real owner and that the factor *by that means obtain credit*, to make the principal, or his goods, liable for the debt of the factor. Gray v. Agnew, 95 Ill. 315; Ellisner & Co. v. Radcliff, 21 Ill. App. 195.

We do not regard the case of Chickering v. Bastress, 130 Ill. 206, as in conflict with the rule above announced. In that case the alleged bailee or factor held the goods under a contract which bound him to pay the alleged principal the purchase price of the goods, and therefore the transaction was held to be a sale. And the court say expressly that the views therein expressed are not inconsistent with the holding in the Gray v. Agnew case in the 95th Illinois.

A judgment creditor does not stand in the position of an innocent purchaser, as he parts with nothing in exchange

for the property and does not take it in satisfaction of his debt. He takes no greater interest or better title in the property than his debtor. Schweizer v. Tracy, 76 Ill. 345; Berry v. W. D. Allen & Co., 59 Ill. App. 149; Nonotuck Silk Co. v. Levy, 75 Ill. App. 55.

The third instruction given for appellee was also erroneous and misleading in stating that certain matters therein set forth would give Corzine no lien upon the property which would be prior to the lien of the execution. There was no issue presented or evidence given upon the claim of any lien·in favor of Corzine. He was either the owner of the property or a mere creditor of Owens. As creditor he alleged no lien.

Instruction number two for appellee is clearly argumentative in singling out and giving prominence to facts favorable to appellee.

For the errors indicated the judgment must be reversed and cause remanded.

*Reversed and remanded.*